# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
                                    :

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| | : | |
| Kraus Carpet Inc., | : | Case No. 18-12057 (___) |
| | : | |
|     Debtor in a Foreign Proceeding. | : | |

---------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| | : | |
| Strudex Inc. | : | Case No. 18-12060 (___) |
| | : | |
|     Debtor in a Foreign Proceeding. | : | |

---------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| | : | |
| Kraus USA Inc. | : | Case No. 18-12059 (___) |
| | : | |
|     Debtor in a Foreign Proceeding. | : | |

---------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| | : | |
| Kraus Properties Inc. | : | Case No. 18-12061 (___) |
| | : | |
|     Debtor in a Foreign Proceeding. | : | |

---------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| | : | |
| Kraus Canada Ltd. | : | Case No. 18-12063 (___) |
| | : | |
|     Debtor in a Foreign Proceeding. | : | |

---------------------------------------------------------x

```
---------------------------------------------------------x
                                                         :
In re:                                                   :    Chapter 15
                                                         :
Kraus Brands Inc.                                        :    Case No. 18-12064 (___)
                                                         :
       Debtor in a Foreign Proceeding.                   :
---------------------------------------------------------x
```

**FOREIGN REPRESENTATIVE'S MOTION FOR ORDER
(A) DIRECTING JOINT ADMINISTRATION OF CHAPTER 15 CASES
UNDER FED. R. BANKR. P. 1015(b) AND (B) FINDING THAT THE REQUIREMENTS
OF 11 U.S.C. § 342(c)(1) AND FED. R. BANKR. P. 1005 AND 2002(n) ARE SATISFIED**

Kraus Carpet Inc. (the "Foreign Representative"), in its capacity as the authorized foreign representative of the above captioned debtors ("Debtors") in a Canadian Proceeding (the "CCAA Proceeding") under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (as amended, the "CCAA") pending before the Ontario Superior Court of Justice (the "Canadian Court"), by and through undersigned counsel, hereby moves (this "Motion") this Court for entry of an order, under sections 105 and 342(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1005, 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) authorizing and directing the joint administration of the Debtors' related chapter 15 cases for procedural purposes only and (ii) finding that the requirement that the proposed joint caption in these chapter 15 cases satisfies the information requirements of section 342(c) of the Bankruptcy Code (made applicable to these chapter 15 cases by Bankruptcy Rule 2002(n)).  In support of the relief requested herein, the Foreign Representative respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court and this District pursuant to 28 U.S.C. § 1410.

4. The statutory predicates for the relief requested herein are section 105 and 342(c) of the Bankruptcy Code, as supplemented or made applicable by Bankruptcy Rules 1005, 1015(b) and 2002(n) and Local Rule 1015-1.

5. The Foreign Representative consents to the entry of a final order by this Court.

## BACKGROUND

6. On the date hereof (the "Petition Date"), these chapter 15 cases (the "Chapter 15 Cases") were commenced by the Foreign Representative's filing of a verified voluntary *Chapter 15 Petition for Recognition of a Foreign Proceeding* for each Debtor and a *Motion for Provisional and Final Orders Granting Recognition of Foreign Main Proceeding and Certain Related Relief* (collectively, the "Petition for Recognition") seeking (i) entry of a provisional and final order recognizing the CCAA Proceeding as a foreign main proceeding and (ii) granting relief.

7. The detailed factual background relating to the Debtors, the Foreign Representative, and the commencement of the Chapter 15 Cases is set forth in the *Declaration of Christopher Emmott in Support of (A) Motion of Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding, and (B) Other First Day Relief* (the "Emmott Declaration") filed substantially contemporaneously herewith.

**RELIEF REQUESTED**

8. By this Motion, the Foreign Representative respectfully requests entry of an order (i) authorizing and directing the joint administration of the Debtors' related Chapter 15 Cases for procedural purposes only and (ii) finding that the proposed joint caption in these Chapter 15 Cases satisfies the information requirements of section 342(c) of the Bankruptcy Code (made applicable to these Chapter 15 Cases by Bankruptcy Rule 2002(n)).

9. The Foreign Representative also requests that the caption of the Chapter 15 Cases be modified to reflect the joint administration of such cases, substantially as follows (including the footnote text included at bottom of page):

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------x
In re:                                           :         Chapter 15
                                                 :
Kraus Carpet Inc., et al.,[1]                    :         Case No. 18-12057 (___)
                                                 :
    Debtors in a Foreign Proceeding.             :         Jointly Administered
---------------------------------------------------------x

10. In addition, the Foreign Representative requests the Court to authorize and direct that the following notation be entered on the docket for each of the Chapter 15 Cases, except in the case of Kraus Carpet Inc., to reflect the joint administration of these Chapter 15 Cases:

> An order has been entered in this case directing the joint administration of this chapter 15 case with the case of Kraus Carpet Inc., Case No. 18-12057 (___). The docket in Case No. 18-12057 (___) should be consulted for all matters affecting this case.

---

[1] The Debtors in these chapter 15 cases and the last four digits of each Debtor's U.S. tax identification number or Canadian Business Number, as applicable, are as follows: Kraus USA Inc. (USA) (1024); Strudex Inc. (0906); Kraus Carpet Inc. (8687); Kraus Properties Inc. (1102); Kraus Canada Ltd. (1300); and Kraus Brands Inc. (8885). The Debtors' mailing address for purposes of these chapter 15 cases is 65 Northfield Drive West, Waterloo, Ontario, Canada.

## BASIS FOR RELIEF REQUESTED

11. By this Motion, the Debtors seek entry of an order, under Bankruptcy Rule 1015(b), consolidating the Debtors' chapter 15 cases for procedural purposes only and finding that the joint caption set out above satisfies the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) that the case caption and other notices mailed in these cases contain the tax identification number and address for each Debtor.

12. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. *See* Fed. R. Bankr. P. 1015(b).

13. Additionally, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and a declaration or verification establishing that joint administration is warranted.

14. As set forth in the Emmott Declaration, the Debtors are affiliates (as defined in Section 101(2) of the Bankruptcy Code) as each Debtor is a direct or indirect subsidiary of their non-debtor parent Red Ash Capital Partners II LP.  The Emmott Declaration further establishes that joint administration of the Chapter 15 Cases is warranted because the Debtors' financial affairs and business operations are closely related, and joint administration will ease the administrative burden on the Court and the various interested parties.

15. The Foreign Representative anticipates that the various notices, motions, hearings, orders and other pleadings in the Chapter 15 Cases will affect all of the Debtors.  With six (6) affiliated Debtors, each with its own chapter 15 case docket, the failure to jointly administer the Chapter 15 Cases would result in numerous duplicative pleadings filed for each issue and served

upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily burden the Clerk of this Court (the "<u>Clerk</u>").

16.  Joint administration will permit the Clerk to use a single docket for each of the Debtors' Chapter 15 Cases and to combine notices to creditors and other parties-in-interest of the respective Debtors.  Joint administration also will protect parties-in-interest in these Chapter 15 Cases by ensuring that such parties will be apprised of the various matters before the Court in all of the cases.  The Foreign Representative submits that use of the simplified caption, in the form set forth above, by all parties-in-interest, will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification.

17.  The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of the Chapter 15 Cases inasmuch as the relief sought herein is purely procedural and not intended to affect substantive rights.  Each creditor and party-in-interest will maintain whatever rights it has against the particular Debtor in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court and the Clerk also will be relieved of the burden of entering duplicative orders and keeping duplicative files, and supervision of the administrative aspects of these cases by the Office of the United States Trustee will be simplified.

18.  Moreover, finding that the requirements of section 342(c)(1) of the Bankruptcy Code[2] and Bankruptcy Rules 1005 and 2002(n) are satisfied by the proposed joint caption set out above is appropriate as the form of caption includes the last four digits of each Debtor's EIN and the mailing address for the Debtors for purposes of the Chapter 15 Cases.

---

[2] Under section 103(a) of the Bankruptcy Code, section 342 of the Bankruptcy Code does not apply to cases under chapter 15.  However, Bankruptcy Rule 2002(n), which applies to all cases under title 11, requires that "[t]he caption of every notice required to be given by the debtor to a creditor shall include the information required to be in the notice by §342(c) of the Code."

**NOTICE**

19. The Foreign Representative requests that the Court grant this Motion without notice to creditors consistent with Local Rule 1015-1.  The Foreign Representative proposes to notify all creditors of the filing of the Petition for Recognition in the form and manner set forth in the *Foreign Representative's Motion for Order (I) Scheduling Hearing on Verified Petition Under Chapter 15 of the Bankruptcy Code for Recognition as Foreign Main Proceeding and for Additional Relief and Assistance Under 11 U.S.C. §§ 105(a), 1519, 1520 and 1521 and (II) Specifying Form and Manner of Service of Notice of Hearing*.  In light of the nature of the relief requested herein, the Foreign Representative submits that no other or further notice of this Motion is necessary or required.

**CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests the Court enter an order, substantially in the form attached hereto, authorizing the joint administration of the Chapter 15 Cases and granting such other and further relief as this Court deems just and proper.

Dated: September 11, 2018
Wilmington, Delaware

> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>
> /s/ *Derek C. Abbott*
> Derek C. Abbott (No. 3376)
> Matthew B. Harvey (No. 5186)
> 1201 N. Market St., 16th Floor
> Wilmington, DE  19801
> Telephone:  (302) 658-9200
> Facsimile: (302) 658-3989
> dabbott@mnat.com
> mharvey@mnat.com
>
> -and-

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Joseph R. Sgroi
Scott B. Kitei
Glenn S. Walter
2290 First National Building
660 Woodward Avenue
Detroit, Michigan  48226-3506
Telephone:  (313) 465-7000
Facsimile:  (313) 465-7713
jsgroi@honigman.com
skitei@honigman.com
gwalter@honigman.com