IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Kraus Carpet Inc. et al.,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 18-12057 (KG)<br><br>(Jointly Administered)<br><br>Hearing Date:  June 20, 2019 at 10:00 a.m. (ET)<br>Obj. Deadline:  June 13, 2019 at 4:00 p.m. (ET) |

**FINAL REPORT AND MOTION OF THE FOREIGN REPRESENTATIVE
FOR: (I) RECOGNITION AND ENFORCEMENT OF DISCHARGE AND
DISTRIBUTION ORDER; AND (II) ENTRY OF A FINAL DECREE ORDER**

Kraus Carpet Inc. (the "Foreign Representative"), in its capacity as the authorized foreign representative of the above-captioned debtors (the "Debtors") in a Canadian proceeding (the "CCAA Proceeding") under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (as amended, the "CCAA") pending before the Ontario Superior Court of Justice (the "Canadian Court"), respectfully moves, pursuant to sections 105(a), 350, and 1517(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 5009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5009-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "U.S. Order"): (a) recognizing and enforcing in the United States the order entered by the Canadian Court (the "Discharge and Distribution Order"), substantially in the form attached hereto as **Exhibit B**, providing for, among other things: (i) the distribution (the

---

[1]   The Debtors in these chapter 15 cases and the last four digits of each Debtor's U.S. tax identification number or Canadian Business Number, as applicable, are as follows:  Kraus USA Inc. (USA) (1024); Strudex Inc. (0906); Kraus Carpet Inc. (8687); Kraus Properties Inc. (1102); Kraus Canada Ltd. (1300); and Kraus Brands Inc. (8885).   The Debtors' mailing address for purposes of these chapter 15 cases is 65 Northfield Drive West, Waterloo, Ontario, Canada.

"Distribution") of residual realizations to secured creditor Red Ash II Capital Partners Limited Partnership ("Red Ash"); (ii) terminating the CCAA proceedings; and (iii) discharging the Monitor; (b) entering a final decree order closing each of the above-captioned chapter 15 cases; and (c) granting certain relief related thereto. In support of this Motion, the Foreign Representative respectfully states as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

2. Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters pursuant to 28 U.S.C. § 157(b)(2)(P).

3. The Foreign Representative consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1410.

5. The statutory predicates for the relief requested herein are sections 105(a), 350, and 1517(d) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002 and 5009, and Local Rule 5009-2.

## Background and Final Report

6. On September 10, 2018, the Debtors commenced the CCAA Proceeding in the Canadian Court.

7. On September 11, 2018, the Debtors were granted creditor protection and related relief under in the CCAA Proceeding, and Deloitte Restructuring Inc. was appointed monitor (the "Monitor").

8. On September 11, 2018, the Foreign Representative filed petitions in this Court under chapter 15 of the Bankruptcy Code for recognition of the CCAA Proceeding as a foreign main proceeding, thereby commencing the Debtors' chapter 15 cases.

9. On September 11, 2018, the Foreign Representative filed the *Motion of Foreign Representative Pursuant to Sections 105(a), 363, 365, 1501, 1507, 1520, and 1521 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, and 9014, for Entry of an Order (I) Recognizing and Enforcing the Approval and Vesting Order; (II) Authorizing the Sale of the Debtors' TPS Business Free and Clear of Any and All Liens, Claims, Encumbrances, and Other Interests; and (III) Granting Related Relief* [Docket No. 9], pursuant to which the Foreign Representative sought recognition by the Bankruptcy Court of the Canadian Sale Order (defined below).

10. On September 18, 2018, the Debtors obtained an approval and vesting order in the CCAA Proceeding: (i) approving that certain asset purchase agreement made between Kraus Canada LP, Kraus Properties LP and Kraus USA Inc. and Q.E.P. Co., Inc. and Roberts Company Canada, Ltd. (collectively, the "Purchaser"), and dated September 10, 2018; (ii) authorizing the Kraus Group to complete the sale of the portion of the business relating to the distribution and sale of flooring products to commercial and residential customers, including carpet tiles, vinyl tiles, laminate, and hardwood; and (iii) vesting title in and to the purchased assets to the Purchaser.

11. On October 1, 2018, this Court entered the *Final Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief* [Docket No. 46] granting recognition of the Canadian Proceeding as a foreign main proceeding.

12. On October 1, 2018, this Court entered the Order Granting *Motion of Foreign Representative Pursuant to Sections 105(a), 363, 365, 1501, 1507, 1520, and 1521 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, and 9014, for Entry of an Order (I) Recognizing and Enforcing the Approval and Vesting Order; (II) Authorizing the Sale of the Debtors' TPS Business Free and Clear of Any and All Liens, Claims, Encumbrances, and Other Interests; and (III) Granting Related Relief* [Docket No. 45] (the "Sale Order").

13. Pursuant to Paragraph 5 of the Sale Order, the distribution of the proceeds from the sale were entrusted to the Monitor.

14. On October 9, 2018, the Canadian Court entered an order authorizing the distribution of the sale proceeds by the Monitor to Wells Fargo Capital Finance Corporation Canada.

15. On April 23, 2019, the Canadian court entered the Discharge and Distribution Order, which provided for: (i) the distribution of residual realizations to Red Ash; (ii) the termination of the CCAA proceedings; and (iii) the discharge of the Monitor.

## Relief Requested

16. By this Motion, the Foreign Representative respectfully requests the entry of a final decree order closing each of the above-captioned chapter 15 cases and recognizing and enforcing the Discharge and Distribution Order.

## Basis for Relief

17. Section 1517(d) of the Bankruptcy Code provides that a chapter 15 case may be closed in the manner prescribed under section 350 of the Bankruptcy Code. 11 U.S.C. §1517(d).

Under section 350(a) of the Bankruptcy Code, a bankruptcy court shall close a case after the estate is fully administered.  11 U.S.C. §350(a).

18. A case may be considered fully administered when all claims have been administered and there are no outstanding motions, contested matters, or adversary proceedings. *See*, *e.g.*, *In re Kliegl Bros.*, 238 B.R. 531 (Bankr. E.D.N.Y. 1999).

19. Bankruptcy Rule 5009(c) establishes certain conditions under which a court may presume that a case under chapter 15 has been fully administered:

> A foreign representative in a proceeding recognized under §1517 of the Code shall file a final report when the purpose of the representative's appearance in the court is completed.  The report shall describe the nature and results of the representative's activities in the court.  The foreign representative shall transmit the report to the United States trustee, and give notice of its filing to the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor was a party at the time of the filing of the petition, and such other entities as the court may direct.  The foreign representative shall file a certificate with the court that notice has been given.  If no objection has been filed by the United States Trustee or a party in interest within 30 days after the certificate is filed, there shall be a presumption that the case has been fully administered.

Fed. R. Bankr. P. 5009(c).

20. Local Rule 5009-2 similarly requires that, in seeking to close a chapter 15 case, a foreign representative must "describe the nature and results of the foreign representative's activities in the Court."  The Local Rule requires closure to be sought by motion seeking a final decree order.

21. Entry of a final decree order is appropriate in these cases.  There are no claims to be administered in these chapter 15 cases, as the claims filed in these chapter 15 cases are properly addressed in the CCAA Proceeding, and not in these chapter 15 cases as no

5

distributions are being made to creditors in these chapter 15 cases. In addition, there are no outstanding motions, contested matters, or adversary proceedings. Thus, these chapter 15 cases are fully administered.

22.     Further, as described above, the purpose of the Foreign Representative's appearance in this Court is completed. The background above describes the nature and results of the Foreign Representative's activities in this Court and serves as the Foreign Representative's final report, thereby satisfying the requirements of Bankruptcy Rule 5009(c) and Local Rule 5009-2.

### Notice

23.     The Foreign Representative will serve a copy of this Motion on all parties required to be served pursuant to Bankruptcy Rule 5009(c) and Local Rule 5009-2(b).

WHEREFORE, the Foreign Representative respectfully requests that the Court enter a final decree order, substantially in the form attached hereto as **Exhibit A**: (i) recognizing and enforcing the Discharge and Distribution Order; and (ii) entering a final decree order closing each of the above-captioned chapter 15 cases.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: May 14, 2019
Wilmington, Delaware

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        /s/ *Matthew B. Harvey*
        Derek C. Abbott (No. 3367)
        Matthew B. Harvey (No. 5186)
        1201 N. Market St., 16th Floor
        Wilmington, DE  19801
        Telephone:  (302) 658-9200
        Facsimile: (302) 658-3989
        dabbott@mnat.com
        mharvey@mnat.com

        -and-

        HONIGMAN LLP
        Joseph R. Sgroi
        Scott B. Kitei
        Glenn S. Walter
        2290 First National Building
        660 Woodward Avenue
        Detroit, Michigan  48226-3506
        Telephone:  (313) 465-7000
        Facsimile:  (313) 465-7713
        jsgroi@honigman.com
        skitei@honigman.com
        gwalter@honigman.com

30955546.1